UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

WILLIAM CARON,

                Petitioner,

    v.

AARON FORD,

                Respondent.

Case No. 3:21-cv-00259-MMD-CLB

ORDER

Petitioner William Caron submitted a *pro se* 28 U.S.C. § 2254 *habeas corpus* petition. (ECF No. 1-1 ("Petition").) Caron's application to proceed *in forma pauperis* (ECF No. 1) is granted. The Federal Public Defender ("FPD") has filed a motion to be appointed counsel for Caron. (ECF No. 3 ("Motion").) As further discussed below, the Motion is granted.

There is no constitutional right to appointed counsel for a federal *habeas corpus* proceeding. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his or her claims. *See Chaney*, 801 F.2d at 1196.

The FPD explains that Caron was sentenced to 375 years to life and asserts that the issues in Caron's case are complex, including competency questions and complex constitutional violations. The FPD notes that Caron has time remaining on his federal one-year statute of limitations. The FPD's Motion is granted.

It is therefore ordered that Petitioner William Caron's application to proceed *in forma pauperis* (ECF No. 1) is granted.

The Clerk of Court is directed to detach and file Caron's Petition (ECF No. 1-1).

It is further ordered that Caron's motion for appointment of counsel (ECF No. 3) is granted.

It is further ordered that the Federal Public Defender for the District of Nevada is appointed to represent Petitioner William Caron.

The Clerk of Court is further directed to add Aaron D. Ford, Nevada Attorney General, as counsel for Respondent and provide Respondent an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the Attorney General only.

It is further ordered that counsel for Caron meet with Caron as soon as reasonably possible, if counsel has not already done so, to: (a) review the procedures applicable in cases under 28 U.S.C. § 2254; (b) discuss and explore with Caron, as fully as possible, the potential grounds for *habeas corpus* relief in Caron's case; and (c) advise Caron that all possible grounds for *habeas corpus* relief must be raised at this time in this action and that failure to do so will likely result in any omitted grounds being barred from future review.

It is further ordered that Caron has 90 days from the date of this order to file and serve on Respondent an amended petition for writ of *habeas corpus*, if any.

It is further ordered that Respondent has 45 days after service of an amended petition within which to answer, or otherwise respond to, the amended petition. If Caron does not file an amended petition, Respondent has 45 days from the date on which the amended petition is due within which to answer, or otherwise respond to, Caron's original Petition. Any response filed should comply with the remaining provisions below, which are entered pursuant to Habeas Rule 5.

It is further ordered that any procedural defenses raised by Respondent in this case be raised together in a single consolidated motion to dismiss. In other words, the

1  Court does not wish to address any procedural defenses raised herein either in *seriatum*
2  fashion in multiple successive motions to dismiss or embedded in the answer. Procedural
3  defenses omitted from such motion to dismiss will be subject to potential waiver.
4  Respondent should not file a response in this case that consolidates their procedural
5  defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. §
6  2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondent does seek
7  dismissal of unexhausted claims under § 2254(b)(2): (a) they should do so within the
8  single motion to dismiss not in the answer; and (b) they should specifically direct their
9  argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*,
10  406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including
11  exhaustion, should be included with the merits in an answer. All procedural defenses,
12  including exhaustion, instead must be raised by a motion to dismiss.

It is further ordered that, in any answer filed on the merits, Respondent must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that Caron will have 30 days after service of the answer or responsive pleading to file and serve his response.

It is further ordered that any additional state court record exhibits filed herein by either Caron or Respondent be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed also must be identified by the number or numbers of the exhibits in the attachment.

///
///
///
///
///
///
///

1  It is further ordered that, at this time, the parties send courtesy copies of *any responsive pleading and all INDICES OF EXHIBITS ONLY* to the Reno Division of this Court. Courtesy copies are to be mailed to the Clerk of Court, 400 S. Virginia Street, Reno, NV, 89501, and directed to the attention of "Staff Attorney" on the outside of the mailing address label. No further courtesy copies are required unless and until requested by the Court.

DATED THIS 28th Day of June 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE