UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WILLIAM CARON, | Case No. 3:21-cv-00259-MMD-CLB |
| Petitioner, | ORDER |
| v. | |
| AARON FORD, | |
| Respondent. | |

On June 28, 2021, the Court granted Petitioner William Caron's motion for appointment counsel and appointed the Federal Public Defender ("FPD") to represent Petitioner. (ECF No. 4.) On July 28, 2021, the FPD filed a motion to withdraw as attorney of record due to a conflict. (ECF No. 7.)

It is therefore ordered that the FPD's motion to withdraw as attorney of record (ECF No. 7) is granted. The FPD is released as counsel.

It is further ordered that Lisa A. Rasmussen is appointed to represent Petitioner in these proceedings. Attorney Rasmussen's contact information appears as follows:

Lisa A. Rasmussen
The Law Offices of Kristina Wildeveld & Associates
550 E. Charleston Blvd
Las Vegas, NV 89104
(702) 222-0007
lisa@veldlaw.com

It is further ordered that Attorney Rasmussen, a Criminal Justice Act ("CJA") panel attorney for the United States District Court for the District of Nevada, will represent Petitioner in all future proceedings in this Court relating to this matter—including subsequent actions—and appeals therefrom, pursuant to 18 U.S.C. § 3006A (a)(2)(B), until allowed to withdraw.

It is further ordered that CJA counsel, Lisa A. Rasmussen, must enter a notice of appearance within 20 days of the date of this order.

It is further ordered that Rasmussen must meet with Petitioner as soon as reasonably possible to: (a) review the procedures applicable in cases under 28 U.S.C. § 2254; (b) discuss and explore with Petitioner, as fully as possible, the potential grounds for habeas corpus relief in Petitioner's case; and (c) advise Petitioner that all possible grounds for habeas corpus relief must be raised at this time and that the failure to do so will likely result in the omitted grounds being barred from future review under the rules regarding abuse of writ.

It is further ordered that Rasmussen must file an amended petition for writ of habeas corpus within 90 days, which shall include all known grounds for relief (both exhausted and unexhausted).

It is further ordered that Respondent must file a response to the petition within 90 days of service of the petition. Petitioner will then have 45 days from service of the answer, motion to dismiss, or other response to file a reply or opposition. Any other motions will be subject to the normal briefing schedule under the Local Rules.

Any response to the petition must comport with Habeas Rule 5. Additionally:

1. Any procedural defenses raised by Respondent in this case must be raised together in a single, consolidated motion to dismiss. In other words, the Court does not wish to address any procedural defenses raised herein either in *seriatum* fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from the motion to dismiss will be subject to potential waiver.

2. Respondent must not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except under 28 U.S.C. § 2254(b)(2), as to any unexhausted claims clearly lacking merit. If Respondent seeks dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to

dismiss, not in the answer, and (b) they must specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, should be included with the merits in an answer. All procedural defenses, including exhaustion, must instead be raised by a motion to dismiss.

3. In any answer filed on the merits, Respondent must specifically cite to and address the applicable state-court written decision and state-court record materials, if any, regarding each claim within the response as to that claim; and

4. Respondent must file a set of state court exhibits relevant to the response filed to the petition. Those exhibits must chronologically and be accompanied by a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed must be identified by the number or numbers of the exhibits in the attachment. The purpose of this provision is to allow the Court and any reviewing court thereafter to quickly determine from the face of the electronic docket sheet which numbered exhibits are filed in which attachments. Respondent must send a hard copy of all pleadings and indices of exhibits ONLY filed for this case to the Clerk of Court, 400 S. Virginia Street, Reno, NV, 89501, directed to the attention of "Staff Attorney" on the outside of the mailing address label.

DATED THIS 3rd Day of August 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE