LISA A. RASMUSSEN, ESQ.
Nevada Bar No. 007491
**THE LAW OFFICES OF KRISTINA WILDEVELD & ASSOCIATES**
550 E. Charleston Blvd
Las Vegas, NV 89104
Tel. (702) 222-0007
Fax. (702) 222-0001
Email: Lisa@VeldLaw.com

Attorneys for Petitioner

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WILLIAM CARON,<br><br>Petitioner,<br><br>vs.<br><br>AARON FORD,<br><br>Respondent. | Case No. 3:21-cv-00259-ART-CLB<br><br>**OPPOSITION TO MOTION TO DISMISS FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS (ECF. NO 11)** |

The Petitioner, William Caron, by and through his counsel, Lisa Rasmussen, Esq., of The Law Offices of Kristina Wildeveld & Associates, hereby submits this Opposition to Motion to Dismiss First Amended Petition for Writ of Habeas Corpus (ECF No. 11). This Motion is made and based upon all papers, pleadings, papers and exhibits on file herein, and the following Points and Authorities.

**POINTS AND AUTHORITIES**

**OVERVIEW**

William Caron ("Mr. Caron") filed a proper person Petition for Writ of Habeas Corpus ("Petition") on June 7, 2021. ECF No. 1-1. With the assistance of appointed counsel, ECF No. 8, Mr. Caron filed a First Amended Petition for a Writ of Habeas Corpus ("Amended Petition") on January 13, 2022. ECF No. 11. The State of Nevada has

moved to dismiss the Amended Petition on the grounds that it is untimely, does not relate back to the timely filed Petition, or alternatively, two (2) grounds within the Amended Petition are unexhausted. ECF No. 48.

**RELEVANT FACTS**

Following a trial in the Third Judicial District Court of the State of Nevada, a Judgment of Conviction was filed on June 16, 2011, sentencing Mr. Caron to multiple life sentences for ten (10) counts of Sexual Assault against a Child under the Age of Fourteen and four (4) counts of Lewdness With a Child Under the Age of Fourteen. ECF No. 35-2. An Amended Judgment of Conviction was filed on June 21, 2011. ECF No. 35-4. Mr. Caron filed a timely notice of Appeal on July 11, 2011. ECF No. 35-9.

Mr. Caron presented eight (8) issues on direct appeal, including a claim that the convictions for Counts V and IX violated the Fifth Amendment's proscription against double jeopardy.[1] ECF No. 35-21 at 51-55. The Nevada Supreme Court denied the issue on the merits in an Order of Affirmance filed November 29, 2012. ECF No. 36-5. The Remittitur issued on December 24, 2012. ECF No. 36-6.

On January 18, 2013, Mr. Caron filed a Motion for the Appointment of Counsel and Request for Evidentiary Hearing, ECF No. 36-8, and a Motion for Leave to Proceed In Forma Pauperis, ECF No. 36-9, in the state district court. On February 14, 2013, the state district court issued an order appointing counsel, stating that along with his Motion for Appointment of Counsel, Mr. Caron had "filed a Petition for Writ of Habeas Corpus Post-Conviction on January 18, 2013." ECF No. 36-10 at 2.

Between March 12, 2013, and August 12, 2013, the State entered five (5) stipulations with Mr. Caron to grant extensions of time to file his supplemental petition in the state district court, and not once did the State mention the purported absence of an initial petition or the district court's mistaken label or confusion over the matter. ECF Nos. 36-12, 36-14, 36-16, 36-18, 36-19.

---

[1] This issue constitutes the claim presented in Ground 1 of the Amended Petition.

2

On September 6, 2013, Mr. Caron filed his Supplemental Petition for Writ of Habeas Corpus (Post-Conviction) ("Supplemental"). ECF No. 36-20. The State's Response to Petition for Writ of Habeas Corpus (Post-Conviction) raised no procedural defenses, admitting merely that "[t]his petition was timely filed." ECF No. 36-24 at 3.

On May 12, 2017, Mr. Caron filed an Amended Supplemental Petition for Writ of Habeas Corpus (Post-Conviction) ("Amended Supplemental") presenting, *inter alia*, claims that trial counsel was ineffective for allowing Mr. Caron to be tried while incompetent and for failing to seek a psychiatric evaluation, and that sentencing counsel was ineffective for failing to request a psychosexual evaluation. ECF No. 37-5 at 3-19.

An evidentiary hearing was held on Mr. Caron's petitions. ECR Nos. 38-4, 39-1, 40-1, 41-1. On March 5, 2020, the state district court issued its Order Denying Petition for Writ of Habeas Corpus, denying the claims on their merits. ECF No. 42-5. Among its conclusions, the state trial court determined that, "{o]n January 18, 2013, the Petitioner filed a Petition for Writ of Habeas Corpus." *Id*. at 2.

Mr. Caron presented four (4) issues on post-conviction appeal, including (1) counsel was ineffective for failing to request a mental competency evaluation because Mr. Caron was incompetent to stand trial,[2] ECF No. 43-5 at 28-48; (2) counsel's ineffectiveness prejudiced Mr. Caron,[3] *id*. at 48-60; and (3) counsel was ineffective for failing to obtain a psychosexual evaluation,[4] *id*. at 60-62. The State's Answering Brief did not comment on the purported absence of an initial petition or the state district court having mistakenly labelled or confused a motion for an initial petition. ECF No. 43-6, generally.

---

[2] Together, Issues 2 and 3 within Mr. Caron's brief constitute the claim presented within Ground 3 of the Amended Petition, with Issue 2 addressing counsel's ineffectiveness in relation to Mr. Caron's incompetency and Issue 3 focusing on the prejudice resulting from trial counsel's performance.

[3] *See* fn. 2.

[4] This issue constitutes the claim presented in Ground 2 of the Amended Petition.

3

On February 25, 2021, the Nevada Court of Appeals issued its Order of Affirmance denying Mr. Caron's claims on their merits and declaring that the state petition had been filed on January 18, 2013.[5] ECF No. 43-12 at 2-5. The Nevada Supreme Court's Remittitur issued on March 22, 2021. ECF No. 43-13.

Mr. Caron filed his proper person Petition in this Court on June 7, 2021. ECF No. 1-1. Therein, Mr. Caron presented four (4) grounds for relief, which aside from rephrased captions, presents a verbatim cut and paste from his state post-conviction appellate brief. *Compare* Petition, ECF No. 1-1 at 5-51 (Petition, Grounds 1 through 4)) with ECF No. 43-5 at 16-62 (Issues 1 through 4 on state habeas appeal).

The Amended Petition, filed on January 13, 2022, presents three (3) grounds for relief:

1. The convictions for Counts V and IX were redundant and constituted Double Jeopardy in violation of the Fifth Amendment to the United States Constitution, ECF 11 at 8-11;

2. Sentencing counsel was ineffective under the Sixth Amendment for failing to obtain a psychosexual evaluation, *Id*. at 11-14; and

3. Counsel was ineffective under the Sixth Amendment for Failing to obtain a competency evaluation and, as a result, allowed Mr. Caron to proceed through trial and be convicted and sentenced while incompetent, *Id*. at 14-25.

## ARGUMENT

**I.    The First Amended Petition is Timely and Relates Back in Full**

The State's argument for untimeliness and failure to relate back hinges upon the fallacy that Mr. Caron did not file a state petition on January 18, 2013, and as such, the State posits that his **Supplemental** filed on September 6, 2013, operated as the initial state court petition. Under the former date Mr. Caron's Grounds 1, 2 and 3 are timely

---

[5] The state appellate court commented upon the failure of the record to contain copies of either the initial state petition or subsequent supplemental petitions; however, the appellate court affirmed, without discussion, the state district court's findings that a petition was filed on January 18, 2013.

4

and relate back. Under the latter date they do not.

The state courts thrice declared that a petition was filed on January 18, 2013. One would think this concludes the matter; however, the State tosses comity and AEDPA standards aside and asks the Court to disregard the deference due those findings and to speculate that the state courts "apparently mistakenly labelled or confused the Motion for Leave to Proceed IFP as a state habeas petition." ECF No. 48 at 3. [6] Unsurprisingly, the State offers no authorities or evidence in support of its idea which asks the Court to find tardiness based upon mere speculation that state courts may or may not have made a mistake or been confused. The State's argument is fatally flawed for several reasons:

**First**, the State's argument is misleading because it references a single state court finding to support its mistake or confusion theory. The State fails to mention, however, that the state district court **twice** declared that a petition had been filed on January 18, 2013, and the Nevada Court of Appeals **affirmed** that finding on appeal. ECF No. 36-10 at 2; ECF No. 42-5 at 2; ECF No. 43-12 at 2.

These three (3) separate findings by two (2) state courts over the span of eight (8) years belie and repel the State's suggestion of confusion or mistake. The Court should decline the State's invitation to dismiss the petition upon such tenuous speculation.

**Second**, the State's argument unreasonably isolates the "apparent" state court error to Mr. Caron's IFP Motion. On January 18, 2013, Mr. Caron submitted at least three (3) requests to the state district court: a Motion for Leave to Proceed IFP ("IFP Motion"); a Request for Evidentiary Hearing; and a Motion for Appointment of Counsel. ECF Nos. 172, 173.

While it is true that the state courts did not reference which request they were bespeaking when they declared that a petition had been filed, Respondent has failed to

---

[6] It is a bit ironic that the State will later answer the merits of Mr. Caron's claims by insisting in the presumption of correctness which attaches to state court's findings under 28 U.S.C. § 2254(d)-(e).

5

demonstrate that they were required to do so. *See e.g., Harrington v. Richter*, 562 U.S. 86, 98 (2011)(state courts not required to explain reasons for their decisions). Nevertheless, the State's argument that the state courts were specifically talking about the IFP Motion would make little sense, wherein the Request for Evidentiary Hearing would come much closer in substance to a habeas petition than would an IFP application.

It is entirely possible that the state district court was referencing another document altogether which is not apparent from the record due to some reason which neither Mr. Caron nor the Court need speculate. In the end, the identity of the referenced document is irrelevant. The state courts made a determination which, as seen below, was premised on state law and is unassailable on federal review.

**Third**, the State's argument disregards the authority of Nevada courts to construe submissions as post-conviction habeas petitions, and the corresponding inability of federal courts to interfere with such state court decisions. Whether in relation to Mr. Caron's Request for Evidentiary Hearing, the Motion for IFP, or some other filing not apparent on the record, the state district court possessed authority under state law to construe motions and applications as appropriate post-conviction habeas petitions. *Harris v. State*, 130 Nev. 435, 448-49, 329 P.3d 619, 628-29 (2014).

The state district court's decision to construe one of Mr. Caron's submissions as a petition was a matter of judicial discretion – not mistake or confusion. *Id*. The State's argument avoids this inherent authority of Nevada's courts which is recognized by the federal courts, *Fletcher v. McCormick*, 1991 U.S. App. LEXIS 31311 *3 (9th Cir. December 27, 1991), and binds them on habeas review, *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005)(per curiam). *See also Lambert v. Blodgett*, 393 F.3d 943, 978 (9th Cir. 2004)(state court processes under state law are not matters Congress has seen fit to review under the AEDPA).

All in all, federal courts lack jurisdiction under § 2254 to intervene where state courts choose to construe one type of application for another. *Royse v. Washington State Court of Appeals, Div. III*, 1992 U.S. App. LEXIS 18833 *2 (9th Cir. July 29, 1992).

6

Respondent's attempt to attack the state courts' decision that a petition was filed on January 18, 2013, is irrelevant to whether Mr. Caron is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). *See also Bell v. Uribe,* 729 F.3d 1052, 1059 (9th Cir. 2013)(arguments addressing state courts' application of state law have no relevance in federal habeas proceedings).

**Fourth**, the State's argument contradicts its own acknowledgment that a petition **was** filed on January 18, 2013. Over the eight (8) years in which post-conviction proceedings were pending in the state courts Respondent never once complained that a petition had not been filed on January 18, 2013.

In fact, Respondents' five (5) stipulations to extend the time to file a supplemental petition culminated in its own acknowledgment that "[t]his petition was timely filed." ECF No. 36-24 at 3. The Court should be chary of the State's inconsistent positions.[7]

And **Fifth**, the State's position disregards the deference and presumption of correctness with which state court decisions are to be accorded and fails to provide any evidence contradicting those decisions. "To be sure, [federal courts'] deference to state court decisions is at its zenith on federal habeas review." *Andrews v. Davis*, 944 F.3d 1092, 1099 (9th Cir. 2019)(citing *Harrington*, 562 U.S. at 98). *See also Milke v. Ryan*, 711 F.3d 998, 1003 (9th Cir. 2013)(the principles of comity and federalism, articulated in the AEDPA, require federal courts to treat state court decisions with deference).

Concomitantly, all factual determinations made by state courts are presumed to be correct absent clear and convincing evidence to the contrary. *Kirkpatrick v. Chappell*, 950 F.3d 1118, 1131 (9th Cir. 2020). Thus, Mr. Caron's initial state petition was filed on January 18, 2013, in accordance with the state courts' findings. Upon this singular fact alone the State's two (2) sub-arguments collapse:

---

[7] The State's opposing positions raises the specter of judicial estoppel, wherein the State's current position is not only inconsistent with its previous position but asks the Court to now render "inconsistent court determinations." *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001).

(A) The Amended Petition is Timely

The AEDPA imposes a one-year limitations period which runs from the conclusion of direct review, 28 U.S.C. § 2244(d)(1), including the right to petition the U.S. Supreme Court for a writ of certiorari, *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983). The one-year statute of limitations begins to run when the 90 days in which the prisoner could have petitioned for certiorari has expired. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).

Following that period, the AEDPA clock continues to run until the filing of an application for state post-conviction or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *Orpiada v. McDaniel*, 750 F.3d 1086, 1087 (9th Cir. 2014). Where, as here, a state court chooses to construe an application as an initial pleading, AEDPA tolling attaches to that decision. *Hemmerle v. Arizona*, 495 F.3d 1069, 1076 (9th Cir. 2007). The time during which the state application remains pending serves to toll the one-year clock until "final resolution through the State's post-conviction procedures." *Carey v. Saffold*, 536 U.S. 214, 220 (2002). A § 2254 petition is filed the moment it is handed to prison officials to be delivered to the clerk. *Patterson v. Stewart*, 251 F.3d 1243, 1245 n. 2 (9th Cir. 2001). The limitation period is not tolled during the pendency of a federal habeas petition. *Lawrence v. Florida*, 549 U.S. 327, 332 (2007).

By disregarding the filing of Mr. Caron's initial state petition on January 18, 2013, the State erroneously commences AEDPA tolling upon the later date of September 6, 2013, when the Supplemental was filed. This miscalculation leads the State to submit that "486 untolled days elapsed before [Mr. Caron] filed his First Amended Petition." ECF No. 48 at 5. Based upon the **actual** triggering date of January 18, 2013, i.e., the date upon which the state courts determined the initial petition was filed, only 294 untolled days elapsed, as follows:

Mr. Caron's 90 days to file a petition for certiorari with the U.S. Supreme Court began to run on November 30, 2012, the day after the Nevada Supreme Court affirmed his judgment of conviction on direct appeal. ECF No.36-5. As Mr. Caron did not file for

8

certiorari, the AEDPA limitation clock would begin to run on February 28, 2013. Because Mr. Caron filed his initial state petition on January 18, 2013, the AEDPA clock remained at zero (0) untolled days on that date.

The Nevada Court of Appeals affirmed the denial of Mr. Caron's state habeas on February 25, 2021. ECF No. 42-7. Remittitur issued from that court on March 25, 2021. ECF No. 43-13. Mr. Caron filed his Petition in this Court on June 7, 2021, ECF No. 1-1, and filed his Amended Petition on January 13, 2022, ECF No. 11. Therefore, between the issuance of the Nevada Supreme Court's Remittitur on March 25, 2021, and the filing of the Petition in this Court on June 7, 2021, the AEDPA limitation clock had run for 74 untolled days. A period of 220 days passed between the filing of the Petition on June 7, 2021, and the filing of the Amended Petition on January 13, 2022, bringing the grand total of untolled days to 294 on that date.

The State's numbers simply do not add up. The Amended Petition was filed 71 days **before** the AEDPA's 365 days had expired. As such, the Amended Petition cannot be dismissed as untimely because it was timely filed within the AEDPA one-year period. See 28 U.S.C. § 2244(d); *Redd v. McGrath*, 343 F.3d 1077, 1079 (9th Cir. 2003). *See also Maes v. Chavez*, 792 F.3d 1132, 1133 (9th Cir. 2015)(even two days shy is timely).

(B) <u>Grounds 2 and 3 of the Amended Petition Relate Back to the Timely Petition</u>

The State next argues that the grounds within the so-called untimely Amended Petition do not relate back to the timely Petition because they do not arise from a common core of operative facts. *See* ECF No. 48 at 6-8 (citing *Mayle v. Felix*, 545 U.S. 644, 650 (2005)). Respondent's arguments are defeated by the very authority it relies upon, to-wit: *Mayle*'s relation-back rules apply only where an amended petition is filed **after** AEDPA's one-year limitation has expired. *Mayle*, 545 U.S. at 649.

As demonstrated above, the Amended Petition is timely filed and the relation back requirements of *Mayle* do not apply. However, even if this were not true, grounds two and three raised in the Amended Petition relate back to the grounds raised in the Pro Se, petition, which Mr. Caron's prior counsel had to assist him in preparing because

9

lacks the sophistication, knowledge and legal experience to understand. Mr. Caron's pro se grounds 1, 2 and 3 are essentially all the same topic related to competency, an issue set forth in great detail in his pro se petition. ECF 1. Grounds 4 of his pro se petition is the sentencing, psychosexual evaluation argument. ECF 1. In the Amended Petition, ground 3 addresses all things competency and organizes it more cogently. ECF 11. Ground 2 of the Amended Petition addresses the sentencing/psychosexual evaluation issue. ECF 11. These grounds are reordered and renumbered, but they relate back. Accordingly, the state's arguments that grounds 2 and 3 do not relate back is also not accurate even if the time clock issue were at play, which it is not.

## II. Grounds 2 and 3 are Exhausted

A federal habeas petitioner must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). Exhaustion requires that state courts be provided with a "fair opportunity" to adjudicate federal claims in relation to the facts of the case. *Anderson v. Harless*, 459 U.S. 4, 6 (1982). Mr. Caron must therefore fairly present his claims to the Nevada appellate court before raising them in federal proceedings, thereby providing the Nevada courts an opportunity to correct any federal constitutional defect. *Lounsbury v. Thompson*, 374 F.3d 785, 787-88 (9th Cir. 2004).

(A) <u>Ground 2 is Exhausted</u>

Respondent incorrectly argues that Ground 2 is unexhausted.

1. MR. CARON ARGUED PREJUDICE IN THE STATE APPEALS COURT AND THAT COURT EXPRESSLY ADDRESSED THAT CLAIM IN ITS ORDER

The State complains that Mr. Caron's Nevada appellate court briefing discussed only counsel's deficiencies and "did not make any reference to prejudice." ECF No. 48 at 9. Ground 2 of the Amended Petition was presented within Issue 4 of Mr. Caron's opening brief on appeal, which was entitled: "Butko was ineffective under *Strickland* standards for failing to obtain a psychosexual evaluation." ECF No. 43-5 at 60.

Therein, Mr. Caron argued: "Caron received all counts running consecutively,

spending the rest of his life in prison," but, "[h]ad Butko presented the psychosexual evaluation, the results would have been different." *Id*. at 61. The Nevada Court of Appeals disagreed and concluded that Mr. Caron "did not demonstrate a reasonable probability of a different outcome had counsel sought a psychosexual evaluation for Caron." ECF No. 43-12 at 5.

Mr. Caron's exhaustion of this issue is three-fold:

**First**, the Nevada Court of Appeals expressly addressed *Strickland*'s prejudice prong in relation to this claim. A claim is exhausted if the State's highest court expressly addresses the claim, whether or not it was fairly presented. *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Casey v. Moore,* 386 F.3d 896, 916 n. 18 (9th Cir. 2004).

**Second**, prejudice was overtly asserted in Mr. Caron's argument that he received life sentences, but "[h]ad Butko presented the psychosexual evaluation, the **results would have been different**." ECF No. 43-5 at 61 (emphasis added). A quintessential attestation of prejudice under *Strickland* is that, but for counsel's errors, "the result would have been different." *Harrington*, 562 U.S. at 111 (citing *Strickland*, 466 U.S. at 696). *See also Walker v. Martel,* 709 F.3d 925, 942 (9th Cir. 2013)(*Strickland*'s prejudice prong asks whether it is reasonably likely that "the result would have been different" (quoting *Harrington*, 562 U.S. at 111)).

Respondent's assertion that Mr. Caron failed to apprise the state appeals court of prejudice, i.e., that the result would have been different, is belied and repelled by Mr. Caron's clear assertion that, but for counsel's performance, "the result would have been different." Mr. Caron's usage of verbatim language from a United States Supreme Court analysis of prejudice under *Strickland* more than sufficiently placed the Nevada Court of Appeals on notice that he was asserting prejudice under *Strickland*.

**Third**, the Nevada Court of Appeals was sufficiently apprised of the federal prejudice claim under *Strickland* through Mr. Caron's repeated references to *Strickland*. *See Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005)(citation to federal case involving the legal standard for constitutional violation is sufficient to establish exhaustion);

11

*Crotts v. Smith*, 73 F.3d 861, 865 (9th Cir. 1996)(invoking right to "effective assistance of counsel" alerts state courts that a Sixth Amendment claim is being asserted).

In fact, Mr. Caron specifically asserted that counsel was ineffective under "*Strickland*'s standards (plural)," i.e., *Strickland*'s two-prongs of deficient performance and prejudice. *See Mann v. Ryan*, 828 F.3d 1143, 1168 (9th Cir. 2016)(Strickland's prongs are whether counsel was deficient and whether the deficiency prejudiced the defense); and *Klein v. Helling*, 220 Fed. Appx. 651, 653 (9th Cir. 2007)(exhaustion of ineffective assistance of counsel claim is satisfied by citing *Strickland*).

### 2. THE STATE'S ASSERTION THAT MR. CARON IS NOW ARGUING A DISTINCTION BETWEEN MITIGATNG AND SUBJECTIVE EVIDENCE IS PATENTLY INCORRECT

In support of his Ground 2 claim that counsel's failure to present a psychosexual evaluation prejudiced him, Mr. Caron opines: "While Mr. Caron's mother and sister provided **subjective** mitigation, their sympathetic testimony had no impact on counsel's failure to provide the **objective**, verifiable factors of a psychosexual evaluation." ECF No. 11 at 14 (emphasis in original).

Mr. Caron includes this sentence in Ground 2 to explain that the testimony of his family did not ameliorate the prejudice which arose from counsel's failure to present a psychosexual evaluation, i.e., that with or without the subjective testimony of his family, the "result would have been different" had counsel submitted an objective psychosexual evaluation. It is that simple.

From this passage, however, the State conjures a fictional argument concerning "a distinction between the actual mitigating evidence presented (testimony from his mother and sister) versus the potential mitigating evidence of a psychosexual evaluation." ECF No. 48 at 9. Upon this idea of a conflict between objective and subjective mitigation, the State goes on to argue that a whole new and different argument has been added to Ground 2 which alters the very fabric of the ground itself into something not previously presented.

Citing *Vang v. Nevada*, 329 F.3d 1069, 1075, (9th Cir. 2003), the State argues that this alleged argument is one which Mr. Caron "omitted" in his state habeas appeal. ECF No. 48 at 9. It is accurate to say that the argument as depicted by the State has been omitted because it has never existed.

Mr. Caron's argument to the Nevada Court of Appeals was simply that, but for counsel's failure to submit a psychosexual evaluation, the result would have been different. This falls squarely within the confines of demonstrating prejudice under *Strickland*. Nothing said in the target statement creates a new argument, adds substantive facts to the claim, nor does it add any additional constitutional violations. *Vang*, 329 F.3d at 1075. The State is unable to demonstrate that Mr. Caron's supporting argument has changed the "substance" of the claim beyond that presented to the state courts, *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-85 (1999), or that the core constitutional issues have changed, *Medley v. Runnels*, 506 F.3d 857, 863 (9th Cir. 2007)(en banc).

Additionally, Respondent's reliance on *Vang* is misplaced, as the Ninth Circuit does not hold therein that every new argument in support of a claim renders the claim unexhausted. If such were the case, federal habeas petitioners would be limited to cutting and pasting their state court arguments verbatim into the federal court record.

*Vang* declares as unexhausted new arguments which "contain both a factual allegation and a legal theory that Petitioner did not present in state court." *Id*. at 1076. In *Vang*, the petitioner had originally presented to the state courts a claim that he was denied the right to cross-examine a witness who had made inconsistent statements to the grand jury; however, once in federal court the petitioner added the factual allegation that the witness had **also** made inconsistent statements to police officers and added a legal **theory** that his right to effective assistance of counsel had been violated. *Id*. at 1075. Vang's claims were deemed to be unexhausted because he added new claims – not because he reformulated his argument for an existing one. *Id*.

All in all, the State asks the Court to find the existence of a new argument which **adds to** Mr. Carons' showing of prejudice through his argument that family testimony

had **no impact** on the prejudice he incurred without a psychosexual evaluation. The State's argument is untenable and without merit.

(B) Ground 3 is Exhausted

Respondent incorrectly argues that Ground 3 is unexhausted.

1. MR. CARON ARGUED PREJUDICE IN STATE COURTS

Respondent argues that Ground 3 is unexhausted because Mr. Caron failed to "make any reference to prejudice in either of his state habeas appeal briefs with respect to this ineffective assistance claim." ECF No. 48 at 10.

As discussed in the facts above,[8] the ineffective assistance of counsel claims within Ground 3 were presented in Mr. Caron's opening brief before the Nevada Court of Appeals as Issues 2 and 3, which addressed counsel's ineffectiveness in relation to Mr. Caron's incompetency and the prejudice resulting therefrom, respectively. ECF No. 43-5 at 28-60. Ground 3's prejudice subclaim was fully argued in Mr. Caron's opening brief at Issue 3, entitled "Butko's ineffectiveness **prejudiced** Caron under *Strickland* standards, since he was incompetent to testify on his own behalf." ECF No. 43-5 at 48 (emphasis added).

The State's "did not make any reference to prejudice" argument is repulsed by Mr. Caron's opening brief Issue 3 which referenced the word "prejudiced" and argued the prejudice arising from his counsel's ineffectiveness over 12 pages. *Id*. at 48-60.

2. MR. CARON PRESENTED TO THE STATE COURTS ARGUMENTS CONCERNING FEDERAL AND STATE CONSTITUTIONAL VIOLATIONS ARISING FROM THE CONVICTION OF INCOMPETENT PERSONS

Lastly, the State argues that Ground 3 presents new, unexhausted arguments concerning the due process violations which arise from the conviction of an incompetent person. *See* ECF No. 48 at 10 (again citing *Vang*, 329 F.3d at 1075).

The State once again attempts to establish the existence of unexhausted new

---
[8] *See* 3:14-22 and fn. 2, above.

14

claims arising from Mr. Caron's arguments in support of an ineffective assistance of counsel claim. This time the State takes exception to the opening paragraphs of Ground 3, Section (2), "Legal Standard: Counsel was Ineffective," wherein Mr. Caron outlines the duties of an effective attorney in relation to the constitutional rights of defendants to not be tried while incompetent. ECF No. 11 at 20-21.

As an initial matter, the Court should note that the challenged text is set forth as a **preface** to Mr. Caron's *Strickland* analysis and is not part of its numbered paragraphs addressing deficient performance and prejudice. *See Id*. at 20, 21, 24. This is important because it demonstrates that the sole claim being presented is counsel's ineffectiveness in relation to allowing Mr. Caron to be tried while incompetent, with his preface on due process but serving to emphasize Mr. Caron's rights which counsel bore a duty to protect under her Sixth Amendment duties.[9]

The State's argument that this constitutional framework is new to Mr. Caron's Amended Petition overlooks the appellate court briefing in which the self-same constitutional framework was discussed. *See e.g.,* ECF No. 43-5 at 23 (citing *Medina v. California,* 505 U.S. 437, 449 (1992)(a defendant has a constitutional right not be prosecuted while incompetent)); *Id*. at 32 (citing *U.S. v. Renfroe*, 825 F.2d 763, 766 (3rd Cir. 1987)(asserting that the conviction of an incompetent defendant violates his constitutional right to a fair trial)); *Id*. at 55 (Mr. Caron was incompetent, violating his Fifth and Fourteenth Amendment rights under the U.S. Constitution and state law).

The preface to Ground 3's ineffective assistance of counsel claims simply supports the claim and does create a separate one. Nevertheless, the State asserts that Ground 3's discussion of constitutional principles adds a whole new and different argument to Ground 3 which alters the very fabric of the ground itself into something not previously presented. Again citing *Vang*, 329 F.3d at 1075, the State argues that Mr. Caron "omitted these new facts/argument" in his briefing before the state appellate

---

[9] Mr. Caron does not raise any subclaims or independent claims regarding violation of due process and/or state law within his Amended Petition.

15

court. ECF No. 48 at 10. "New facts/arguments" were omitted because there are none.

Respondent's reliance on *Vang* continues to be misplaced, as the Ninth Circuit does not hold therein that previously presented ideas in support of a claim may not be expanded upon in federal court briefing. If such were the case, federal habeas petitioners would not be allowed to reformulate or expand an argument, even though doing so does not change the argument.

It has long been established that federal habeas petitioners may reformulate the claims made in state court so long as they do not change the substance of the federal claim that was presented. *Tamapua v. Shimoda*, 796 F.2d 261, 262 (9th Cir. 1986). *See also Chacon v. Wood*, 36 F.3d 1459, 1467 (9th Cir. 1994)(reformulation of arguments permitted so long as the substance of the federal claim is presented). The constitutional preface set forth within Ground 3 of the Amended Petition parallels the constitutional verbiage set forth within the appellate court briefing. While Mr. Caron provides additional authorities in support of his narrative, such does not alter the substance of his ineffective assistance of counsel claim. *Id*.

The State cannot demonstrate that Mr. Caron has changed the "substance" of the ineffective assistance of counsel claim beyond that presented to the state courts, *O'Sullivan*, 526 U.S. at 844-85, or that the core constitutional issues have changed, *Medley*, 506 F.3d at 863. The issue remains the same and no new facts or underlying legal theories have been added. *Vang*, 329 F.3d at 1075.

. . .
. . .
. . .
. . .
. . .
. . .
. . .
. . .

16

# CONCLUSION

For the reasons set forth above, the Court should find that (1) Grounds 1, 2 and 3 of the Amended Petition are timely, Grounds 2 and 3 relate back to the first Petition, and (2) Mr. Caron has exhausted Grounds 2 and 3 of the Amended Petition. Based upon these findings, the Court should deny the Respondent's Motion to Dismiss First Amended Petition for Writ of Habeas Corpus (ECF No. 11), accordingly.

Dated this 28th day of October, 2022.

Respectfully submitted,

/s/ Lisa A. Rasmussen

_____
LISA A. RASMUSSEN, ESQ.
Nevada Bar No. 007491
**THE LAW OFFICES OF KRISTINA WILDEVELD & ASSOCIATES**

Attorneys for Petitioner

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I served a copy of the foregoing Respondent's Motion to Dismiss First Amended Petition for Writ of Habeas Corpus (ECF No. 11) upon the following person, via CM/ECF, on this 28th day of October, 2022.

DAG Jaimie Stilz      jstilz@ag.nv.gov

/s/ Lisa A. Rasmussen

_____
LISA A. RASMUSSEN, ESQ.