UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM CARON,<br><br>        Petitioner,<br>v.<br><br>AARON FORD, et al.,<br><br>        Respondents. | Case No. 3:21-cv-00259-ART-CLB<br><br>**Order Denying Motion to Dismiss**<br><br>(ECF No. 48) |

Respondents move to dismiss several claims in William Caron's 28 U.S.C. § 2254 habeas corpus petition as untimely and unexhausted. (ECF No. 48.) Because the Court deems the first-amended petition timely, and concludes that grounds 2 and 3 are exhausted, the motion is denied.

**I. Background**

In April 2011, a jury convicted Caron of ten counts of sexual assault against a child under age fourteen and four counts of lewdness with a child under fourteen for acts he committed against five different children. (Exhibits 98-111.)[1] The state district court ran all counts consecutively and sentenced Caron to what amounted to 375 years to life. (Exh. 139.) Judgment of conviction was entered in June 2011 and several days later an amended judgment of conviction was entered. (Exhs. 141, 143.) A second-amended judgment was filed on August 18, 2011. (Exh. 156.) The Nevada Supreme Court affirmed Caron's convictions in November 2012, and the Nevada Court of Appeals affirmed the denial of his state postconviction habeas corpus petition in February 2021. (Exhs. 169, 274.)

Caron dispatched his federal habeas petition for filing about June 2021. (ECF

---

[1] Exhibits referenced in this order are exhibits to Respondents' motion to dismiss, ECF No. 48, and are found at ECF Nos. 26-43, 46.

1

No. 5). This Court granted his motion for appointment of counsel, and he filed an amended petition in January 2022 that sets forth 3 grounds for relief. He alleges that:

1. His convictions on count 5 and 9 were redundant and violated his Fifth Amendment right to be free from Double Jeopardy;

2. Sentencing counsel rendered ineffective assistance for failing to obtain a psychosexual evaluation;

3. Counsel was ineffective for failing to obtain a competency evaluation and allowing Caron to proceed through trial and sentencing while incompetent.

(ECF No. 11 at 8-25.)

Respondents now move to dismiss, arguing that the first-amended petition is untimely and/or that two grounds are unexhausted. (ECF No. 48.) Caron opposed, and Respondents replied (ECF Nos. 51, 57.)

**II. Legal Standards & Analysis**

    **a.    Timeliness**

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). The one-year time limitation can run from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). Further, a properly filed petition for state postconviction relief can toll the period of limitations. 28 U.S.C. § 2244(d)(2). A petitioner may be entitled to equitable tolling of the one-year AEDPA limitations period if he can establish that he diligently pursued his rights and some extraordinary circumstance stood in his way. *Holland v. Florida,* 560 U.S. 631, 645 (2010).

Here, the parties agree that Caron timely filed a direct appeal; the Nevada Supreme Court affirmed his convictions on November 29, 2012, and remitter issued on December 24, 2012. (ECF Nos. 48, 51, Exhs. 169, 170.) The dispute

over the calculation of the limitations period centers on what date Caron filed his state postconviction petition. On January 18, 2013, Caron filed a motion for appointment of counsel/motion for evidentiary hearing in state district court. (Exh. 172.) He used the form for a motion for counsel in a state habeas corpus action. (*See id.*) He did not file a separate habeas corpus petition. On February 14, 2013, the state district court granted the motion for counsel. (Exh. 174.) The order opens: "Petitioner William Billy Jack Caron filed a Petition for Writ of Habeas Corpus Post-Conviction on January 18, 2013. Petitioner further filed a Motion for Appointment of Counsel." (*Id.*) The court then appointed counsel and directed that Caron's attorney file a supplemental petition, if any, within 30 days. (*Id.*) Counsel for Caron and the State stipulated to several extensions of time to file the supplemental petition, and Caron filed a counseled petition on September 6, 2013, which was captioned as a Supplemental Petition. (Exh. 184.) In January 2014, Caron's attorney filed a motion to be relieved as counsel because he had accepted a position with the Carson City District Attorney. (Exh. 189.) The court granted the motion and appointed substitute counsel. (Exhs. 191, 192.) Caron's new counsel filed a Notice of No Second Supplemental Habeas Petition on August 21, 2015. (Exh. 194.) Then, in February 2017, Caron's counsel sought and obtained leave to file an amended supplemental petition. (Exhs. 203, 209.) She filed the Amended Supplemental Petition in May 2017. (Exh. 211.)

In the state district court order denying the postconviction petition, the court notes in the Statement of Facts that Caron had filed a petition on January 18, 2013, and a supplemental petition on September 6, 2013. (Exh. 252 at 2.) In its order affirming the denial of the petition, the Nevada Court of Appeals states: "Caron argues the district court erred by denying the claims of ineffective assistance of trial counsel raised in his January 18, 2013 postconviction petition for a writ of habeas corpus and later-filed supplements." (Exh. 274 at 2.)

The parties here agree that Caron's state petition must be deemed to have

been filed on January 18, 2013, and not September 6, 2013, in order for his first-amended federal petition to be timely under AEDPA. (ECF Nos. 48 at 6, 51 at 4-5.) Respondents argue that the state-court record does not reflect that Caron filed a state petition when he filed his motion for appointment of counsel for a habeas matter. (ECF No. 48 at 6.) And it is true that Caron cannot point to a state petition that he filed on January 18, 2013. However, in these unique circumstances, this Court concludes that Caron is entitled to equitable tolling of the limitations period. It cannot be said that Caron was not diligently pursuing his rights when he filed the motion for appointment of counsel in a habeas action 25 days after remittitur issued on his direct appeal. *See Holland,* 560 U.S. at 654 ("The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence.") (internal quotations and citations omitted). In its order granting counsel, the state district court indicated that a habeas action had been initiated. From that point on, Caron relied on counsel. The parties and every state court to consider Caron's petition thereafter indicated that he had filed a petition on January 18, 2013. That treatment of his state postconviction petition constitutes an extraordinary circumstance. (*See id.* at 650 (The flexibility inherent in equitable procedure enables courts to meet new situations [that] demand equitable intervention, and to accord all the relief necessary to correct . . . particular injustices.") (internal quotations and citations omitted)). Caron is entitled to equitable tolling from January 18, 2013, to September 6, 2013. Accordingly, the first-amended petition is timely. (*See* ECF Nos. 51 at 4-5, 57 at 2-3.)

### b. Exhaustion

Respondents next argue that even if the first-amended petition is timely, two grounds of the amended petition remain unexhausted. (ECF Nos. 48 at 8-10, 57 at 11-16.) A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims

raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose*, 455 U.S. at 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106. However, citation to state case law that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir.

5

1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

**Ground 2 is exhausted.**

Caron contends that his counsel was ineffective for failing to obtain a psychosexual evaluation prior to sentencing. (ECF No. 11 at 11-14.) At sentencing, counsel for Caron advocated for the sentences on all counts to be run concurrently, which would have resulted in a term of life with the possibility of parole after 35 years. (Exh. 139.) The state district court ran all the counts consecutively; thus Caron was sentenced to 375 years to life. (*Id.*)

Caron argues that, while counsel called his mother and sister to testify at the sentencing hearing, he presented no psychosexual evaluations to persuade the court that concurrent sentences were appropriate. (ECF No. 11 at 11-14.) He points to psychosexual and psychological evaluations completed during his state habeas proceedings and argues that those reports placed Caron at a low risk to reoffend at age 69, the earliest he could be released on parole. Thus he asserts that under *Strickland v. Washington*, 466 U.S. 668 (1984), counsel's performance was objectively unreasonable and that but-for counsel's deficient performance, there is a reasonable probability that the court would have imposed a less severe sentence.

The Court concludes that Caron exhausted this claim. (*See* ECF No. 11 at 11-14, Exh. 267 at 60-62, Exh. 274 at 4-5.) Respondents complain that Caron's reference in federal ground 2 to the testimony of his mother and sister alter the nature of the claim. (ECF No. 48 at 9-10.) But the thrust of federal ground 2 is that counsel was ineffective for failing to obtain a psychosexual evaluation prior

to sentencing; this is the same set of operative facts and legal theory he presented to the state appellate court. He mentions the subjective testimony of his family members only to contrast it with what he characterizes as an objective psychosexual evaluation. Respondents also argue that Caron did not assert in his state claim that he was prejudiced by his counsel's failure to obtain the evaluation. (*Id.*) This Court disagrees; Caron did argue in state court that the results of sentencing would have been different, and the Nevada Court of Appeals held that Caron did not demonstrate a reasonable probability of a different outcome had counsel sought the evaluation. (*See* Exh. 267 at 61, Exh. 274 at 5.) Ground 2 is exhausted.

**Ground 3 is exhausted.**

Caron asserts that his counsel was ineffective for failing to obtain a competency evaluation and otherwise investigate his mental health, thus allowing Caron to proceed through trial and sentencing while he was incompetent. (ECF No. 11 at 14-25.) He argues that his suicide attempts, personal and family history of psychosis and depressive behavior, lack of treatment of his bipolar disorder, erratic behavior in custody, and the sudden death of his wife shortly before trial commenced should have put counsel on notice that his competency should be assessed.

The Court concludes that ground 3 is exhausted to the extent it asserts an ineffective assistance claim. Caron presented the claim that his counsel was ineffective for failing to investigate his mental health, including obtaining a competency evaluation, on appeal of the denial of his state postconviction petition. (*See* Exh. 267 at 28-48, Exh. 274 at 3.) Respondents argue that federal ground 3 also includes a due process claim. (ECF No. 48 at 10.) Caron references due process as well as Nevada state law in relation to the conviction of a legally incompetent person. But this is under the heading "Legal Standard: Counsel was Ineffective." (Exh. 267 at 20-21.) This section is more fairly viewed as background

to Caron's argument that counsel was deficient and he suffered prejudice. (*See, e.g., id.* at 21.) The Nevada Court of Appeals adjudicated this claim as purely a claim of ineffective assistance of counsel. (Exh. 274 at 3.) Accordingly, ground 3 is exhausted as the claim that counsel was ineffective for failing to investigate Caron's mental health and obtain a competency evaluation.

The Court, therefore, denies the motion to dismiss.

### III. Conclusion

IT IS THEREFORE ORDERED that Respondents' motion to dismiss **(ECF No. 48) is DENIED**.

IT IS FURTHER ORDERED that Respondents have 45 days from the date of this order to file an answer to the first-amended petition.

IT IS FURTHER ORDERED that Petitioner has 30 days after the date of service of the answer in which to file the reply in support of the petition.

DATED THIS 12th day of May 2023.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE